IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JULIA A. WILLFOND                                                                PLAINTIFF

v.                                  No. 4:18-CV-00146-JLH-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner
of Social Security Administration                                              DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I.  Introduction:

Julia Willfond ("Willfond") applied for social security disability benefits with an alleged disability onset date of February 19, 2015. (R. at 65). The administrative law judge ("ALJ") held a hearing and denied her applications. (R. at

1

21). The Appeals Council denied review. (R. at 1). Willfond has requested judicial review.

For the reasons stated below, the Court recommends reversing and remanding the Commissioner's decision.

## II.   Discussion:

The ALJ found that Willfond had the severe impairments of bulging disk and chronic back pain, which left her with the residual functional capacity ("RFC") to perform light work. (R. at 13). Specifically, the ALJ found Willfond could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight-hour workday with normal breaks; sit six hours in an eight-hour workday with normal breaks; push and pull with the same limitations as lift and/or carry; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds; and perform jobs that do not require written communication or math computation skills beyond a sixth grade level. (R. at 15).

Based on testimony from a vocational expert ("VE"), the ALJ found that Willfond could return to her past relevant work as a plastic molding machine tender, hand packager, or conveyor feeder. (R. at 20–21). Thus, the ALJ held that Willfond was not disabled. (R. at 21).

Willfond argues that the ALJ failed to fully and fairly develop the record; failed to find her depression to be a severe impairment; erred in the RFC determination; and failed to resolve conflicts in the VE's testimony. Because the Court agrees that the ALJ failed to fully and fairly develop the record, the Court recommends that the Commissioner's decision be reversed.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g).

Willfond argues she requested the ALJ to order a consultative examination based on her medically documented history of serious depression. The ALJ failed to order that a mental health specialist perform a consultative mental health evaluation of Willfond's problems with depression, and, instead, relied on the opinions of non-examining reviewing physicians who did not examine the entire record to reach the conclusion Willfond's depression was not a severe mental limitation.

An ALJ has a duty to fully and fairly develop the record independent of the claimant's burden to prove his or her case, especially where the missing medical evidence relates to an important but under-developed medical issue. *Combs v.*

*Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017); *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011).

The ALJ gave significant weight to the opinions of the non-examining reviewing physicians, even though it is clear they did *not* review all of the medical evidence. (R. at 18). Rather, those physicians only reviewed exhibits up to and including a physical consultative examination by Ted Honghiran, M.D. (R. at 66–69, 78–81, 92–96, 106–10, 404–07). However, they did *not* review a medical source statement from Willfond's treating physician, nor did they consider any of the other medical records received *after* Dr. Honghiran's report. (R. at 66–69, 78–81, 92–96, 106–10, 393–97, 408–617). While some of those records are duplicative (*compare* R. at 343–68 *with* R. at 483–530 *and* R. at 546–93), others reflect additional medical treatment and contain opinions from treating providers that the reviewing physicians failed to consider in arriving at their conclusions. Finally, notwithstanding Willford's history of depression, including anxious and depressed mood or affect, and fleeting suicidal thoughts (R. at 319, 348, 349, 350, 353, 355, 357, 359, 362, 363, 485, 503), the ALJ refused a psychiatric consultative examination. (R. at 10). The ALJ's stated basis for disregarding Willfond's depression were notes that showed she was "alert and oriented" and "in no apparent mental distress." (R. at 13, 315, 348, 374, 411, 482, 615). However, "alert and oriented" does *not* indicate a lack of depressive symptoms. Two of the records

4

cited by the ALJ even indicate "anxious, depressed" mood or affect. (R. at 348, 615).

The ALJ also disregarded Willfond's depression because records indicated that she reported improvement with Zoloft. (R. at 13). This improvement still left her feeling "a moderate degree of depression" (R. at 347), a clear indication the Zoloft did not eliminate her symptoms. In fact, she reported worsening symptoms on December 30, 2015 and February 1, 2016 and received an additional prescription for Risperdal. (R. at 606, 609–10). She continued to present with moderate depression on March 4, 2016. (R. at 614). She testified that she continued to deal with depression and that she had recently begun seeing a psychiatrist. (R. at 44–45). She testified that she had suicidal thoughts daily. (R. at 45–47, 51).

The evidence of Willfond's depression was sufficient to put the ALJ on notice of a real condition that requires further development by ordering a consultative mental health evaluation. Without such an evaluation, the ALJ's reasons for discounting Willfond's depression were not sufficient.

### III. Conclusion:

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*,

784 F.3d at 477. After reviewing the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing, the Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales,*, 402 U.S. 389, 401 (1971).

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED with instructions to develop the record as necessary—particularly concerning Willfond's mental impairments—and to fully consider all of Willfond's impairments.

DATED this 12th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE